**CHICAGO, R. I. & P. RY. CO. v. HERNDON, County Treasurer.**

No. 6823—Opinion Filed Jan. 28, 1919.

(178 Pac. 654.)

**Schools and School Districts—Separate Schools—Taxation by County—Constitutional and Statutory Provisions.**

Same as in Lusk et al. v. White, 68 Okla. 316. 173 Pac. 1128.

(Syllabus by Hooker, C.)

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action by the Chicago, Rock Island & Pacific Railway Company against Mace Herndon, County Treasurer of Seminole County, State of Oklahoma. Judgment for defendant, and plaintiff brings error. Affirmed.

C. O. Blake, R. J. Roberts, W. H. Moore, and J. G. Gamble, for plaintiff in error.

S. P. Freeling, Atty. Gen., R. E. Wood, Asst. Atty. Gen., and C. L. Hill, Co. Atty., for defendant in error.

Opinion by HOOKER, C. This action was commenced to recover taxes paid by the plaintiff in error to the defendant in error. In the petition it is alleged that the excise board in and for Seminole county did review the estimate submitted to it by the board of county commissioners of said county for current expenses for said county for the fiscal year beginning July 1, 1913, and ending June 30, 1914. and did make a levy therefor; that in addition thereto said excise board did make a levy for separate schools of said county: that the levy for current expenses and the levy for separate schools exceeds the limit fixed by chapter 195 of the Laws of 1913 to the extent of one mill; that therefore the said levy of one mill in excess of the limit fixed by law for current expenses for said county is illegal and void; that upon the valuation of the property of this plaintiff located in said county the said

excessive, illegal, and void levy of one mill more than the limit fixed by law did produce the tax of $1,066.99; that in November, 1913, the plaintiff paid to the defendant one-half of the amount of said excess tax, to wit, $533.49, and at the time of payment gave notice to the defendant of its protesting and its intention to institute suit to recover the excessive taxes.

Upon the trial of said cause the court made findings of fact and conclusions of law which were as follows:

"Findings of Fact.

"First. The court finds that the assessed valuation of Seminole county for the fiscal year commencing July 1, 1913, and ending June 30, 1914, was $6,936,684; that the estimate furnished to the excise board for the amount required for separate school fund was $6,936.68, and was approved for $6,914.50.

"Second. That in making the estimate for the fiscal year commencing July 1, 1913, and ending June 30, 1914, said excise board approved a levy upon the estimates for the current expenses five mills, for separate school fund one mill, and no levy for 'aid of common schools.'

"Third. That the total valuation of the plaintiff's property assessed in Seminole county as fixed by the state board of equalization of the state of Oklahoma is $1,066,922 for said fiscal year."

On the 18th day of March, 1914, the court rendered a judgment denying recovery to the plaintiff in error upon the matters and things set forth above, from which judgment the plaintiff in error has appealed here.

It is apparent that the opinion of this court in No. 7320, Lusk et al. v. White. County Treasurer of McCurtain County, 68 Okla. 316, 173 Pac. 1128, is controlling, and under the authority of this court in said cause the judgment of the lower court must be approved, for in the opinion cited above this court said:

"That the excise board of counties where separate schools are maintained are authorized by section 3 art. 13, Williams' Const.. and section 8. art. 15, c. 219, Sess. Laws 1913, to levy a tax of one mill on all taxable property in their respective counties 'for separate schools' so long as the total levy for county purposes did not exceed the limitation upon county levies contained in section 9, art. 10, Williams' Const., to wit, eight mills, exclusive of aid to the common schools."

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.